UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Kim Walker, Colin Pilcher, Adam Teal and Scott Long,<br><br>      Plaintiffs,<br><br>v.<br><br>Thibco, Inc. and Gerard L. Thibodeau,<br><br>      Defendants. | CIVIL ACTION NO. _____<br><br>REMOVED FROM THE SUPERIOR COURT OF NEW HAMPSHIRE (HILLSBOROUGH COUNTY, NORTHERN DISTRICT)<br><br>STATE DOCKET NO.: 07-C-750 |

## NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, defendants Thibco, Inc. and Gerard L. Thibodeau, by and through their attorneys, Devine, Millimet & Branch, P.A., hereby remove this civil action to the United States District Court for the District of New Hampshire upon the following grounds:

1. The plaintiffs commenced this action by Writ of Summons (the "Writ") in the Superior Court of New Hampshire, Hillsborough County, Northern District. The Writ is dated December 5, 2007, and was received by the Hillsborough County Superior Court on December 10, 2007. The Hillsborough County Superior Court has assigned the following docket number to the matter: 07-C-750. A copy of the Writ and attached Declaration, along with the Receipt of Writ, is attached hereto as Exhibit A. Counsel for the defendants accepted service of the Writ of Summons on January 17, 2008.

2. In this action, the plaintiffs, current and former employees of defendant Thibco, Inc., seek to recover retirement benefits allegedly due to them as participants or beneficiaries under the "Massachusetts State Carpenter's Pension Fund" and "Guaranteed Annuity Fund," to

enforce their alleged rights as participants or beneficiaries under the terms of these plans, and/or to clarify their rights to future benefits under the terms of these plans. The plaintiffs have filed two counts, one alleging a violation of New Hampshire RSA 275:43 and the other asserting common law breach of contract.

3. Under the federal removal statute, 28 U.S.C. § 1441(a), a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Federal district courts have original jurisdiction over "federal question" cases, which are cases "arising under the Constitution, laws, or treaties of the United States." § 1331.

4. In order to determine whether a particular case "arises under" federal law, a federal court usually applies the "well-pleaded complaint rule." Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1, 9-10 (1983). There are, however, certain key exceptions that Congress has created that waive the rule. One such exception is "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 8 (2003); see also Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004). In such circumstances, removal is proper "even though the complaint purports to raise only state-law claims." Beneficial, 539 U.S. at 9.

5. The Employee Retirement Income Security Act of 1974 (ERISA) provides that state causes of action that "duplicate or fall within the scope of an ERISA § 502(a) remedy are completely pre-empted and hence removable to federal court." Aetna Health, 542 U.S. at 206 (quotation omitted); see also Metro. Life Ins. Co. v. Taylor, 481 U.S. 59, 64-66 (1987).

6. Although the plaintiffs present their claims only in terms of state law causes of action, the plaintiffs' claims are subject to complete pre-emption under ERISA. See 29 U.S.C. §

1144(a) (preempting state laws that "relate to [an] employee benefit plan"). "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." Aetna Health, 542 U.S. at 209; see also Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54-56 (1987); Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 138-39, 143-145 (1990).

7. The plans at issue are "employee benefit plans" within the meaning of ERISA. 29 U.S.C. § 1002(3); see also 29 U.S.C. § 1003(a); Dist. of Columbia v. Gr. Wash. Bd. of Trade, 506 U.S. 125, 127 (1992) ("ERISA applies generally to all employee benefit plans sponsored by an employer or employee organization."). The plaintiffs bring this action as "participants" or "beneficiaries" under the plans, within the meaning of ERISA. 29 U.S.C. §§ 1002(7) and (8), and/or otherwise seek to recover pension/annuity or other retirement benefits. The plaintiffs' claims are covered by the ERISA civil enforcement remedy, see 29 U.S.C. § 1332(a)(1)(B), which is designed to be the comprehensive and exclusive remedy for causes of action that fall within its scope. Aetna Health, 542 U.S. at 208-10; Pilot Life, 481 U.S. at 56-57.

8. The plaintiffs' state law claims are preempted by the complete preemption of ERISA because they "relate to [an] employee benefit plan." 29 U.S.C. § 1144(a). Moreover, as a suit by participants and beneficiaries to recover benefits under employee benefit plans, to enforce alleged rights thereunder, and/or to clarify rights to future benefits thereunder, this action falls directly under § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), which provides a comprehensive civil enforcement scheme and the exclusive federal cause of action for the resolution of such disputes. 29 U.S.C. § 1144(a); Pilot Life, 481 U.S. at 47-48, 56-57; Metro. Life Ins., 481 U.S. at 62-63. This action arises under the laws of the United States within the

meaning of 28 U.S.C. § 1331, even though the plaintiffs presented their claims in terms of state law.  Beneficial, 539 U.S. at 8; Metro. Life, 481 U.S. at 65-67.

9. This Court has original jurisdiction over the action by virtue of the provisions of §§ 502(a)(1)(B), 502(e)(1), 502(f) and 514(a) of ERISA (29 U.S.C. §§ 1132(a)(1)(B), 1132(e)(1), 1132(f) and 1144(a)), and the provisions of 28 U.S.C. § 1331, and the action is removable to this Court under the provisions of 28 U.S.C. § 1441(b).  Aetna Health, 542 U.S. at 207; Metro. Life, 481 U.S. at 67.

10. The requirements of the removal statute having been met, the defendants' right to remove is absolute.

          Respectfully submitted,

          THIBCO, INC. and
          GERARD L. THIBODEAU,

          By their attorneys,

          **DEVINE, MILLIMET & BRANCH,
          PROFESSIONAL ASSOCIATION**

Dated: February 5, 2008    By: /s/ David P. Eby
          David P. Eby, Esquire
          Bar No. 12468
          111 Amherst Street
          Manchester, New Hampshire 03101
          Telephone: 603.669.1000
          Facsimile: 603.669.8547
          deby@devinemillimet.com

**Certificate of Service**

  I, David P. Eby, hereby certify that the foregoing was forwarded by U.S. Mail to Jon Meyer of Backus, Meyer, Solomon & Branch, LLP, 116 Lowell Street, PO Box 516, Manchester, NH 03105-0516, counsel for the plaintiffs, and John M. Safford, Clerk, Hillsborough County Superior Court, Northern District, 300 Chestnut Street, Manchester, NH 03101-2490.

Dated: __February 5, 2008        _____/s/ David P. Eby_____
                         David P. Eby

J:\wdox\docs\CLIENTS\19245\84659\M1154364.DOC