UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Kim Walker, et al.

   v.                                  Civil No. 08-cv-39-JD
                                       Opinion No. 2008 DNH 091
Thibco, Inc. and
Gerard L. Thibodeau

O R D E R

The plaintiffs brought suit in state court against their current and former employer, Thibco, Inc., and Gerard L. Thibodeau, principal owner and president of Thibco, alleging that the defendants agreed to provide compensation in the form of pension and annuity benefits under their employment contract but failed to do so. The defendants removed the case to this court, asserting that it arises under the Employee Retirement Income Security Act ("ERISA"). The plaintiffs move to remand.

The defendants removed the case to this court based on federal question jurisdiction, asserting that the plaintiffs were alleging a claim arising under federal law, ERISA.[1]  28 U.S.C. §

---

[1] According to the writ of summons filed in state court, Thibco, Inc. does business in Manchester, New Hampshire. The writ does not include information about the state citizenship of the other parties. Therefore, as presented, the record does not support federal jurisdiction based on diversity of citizenship. See 28 U.S.C. § 1332.

1331; 28 U.S.C. § 1441(a).  The plaintiffs contend that because neither of their claims arose under ERISA, subject matter jurisdiction is lacking.  An action removed from state court with improper procedure or without subject matter jurisdiction must be remanded.  28 U.S.C. § 1447(c).

<u>Background</u>

The plaintiffs, Kim Walker, Colin Pilcher, Adam Teal, and Scott Long, allege that they are former and current employees of Thibco, a construction business in Manchester, New Hampshire. They allege that Thibco and its owner, Gerard Thibodeau, entered an agreement with the plaintiffs "to include payments toward annuity and pension fund benefits as part of Plaintiffs' . . . compensation for their employment."  Writ of Summons ¶¶ 5,6. Thibco made payments to the Massachusetts State Carpenters Pension Fund and Guaranteed Annuity Fund ("CBF") on behalf of the plaintiffs.

In April of 2007, the CBF notified the plaintiffs that they were not eligible to participate in its annuity and pension programs.  CBF refunded to Thibco part of the money paid on behalf of the plaintiffs and credited the remainder as payments for other eligible employees.  Thibco and Thibodeau refused to pay the plaintiffs "any part of the pension and annuity

compensation that it agreed to pay on their behalf with the exception of $23,000 paid to Plaintiff Walker, and $3,000 paid to Plaintiff Pilcher."  Writ of Summons ¶ 11.

## Discussion

In their state writ of summons, the plaintiffs alleged that the defendants' failure to pay them compensation that should have included annuity and pension benefits violated New Hampshire Revised Statutes Annotated ("RSA") § 275:43 and breached their employment contracts.  For purposes of removal, the defendants contended that the plaintiffs' claims were preempted by ERISA.  The plaintiffs move to remand the case to state court on the ground that their claims are not preempted by ERISA, with the result that subject matter jurisdiction is lacking in federal court.

If ERISA completely preempts a cause of action pled in the complaint, even if the claim is pled under state law, the claim arises under federal law for purposes of subject matter jurisdiction and removal.  Aetna Health Inc. v. Davila, 542 U.S. 200, 207-08 (2004).  ERISA preempts all state laws and state law claims that "relate to any employee benefit plan."  29 U.S.C. § 1144(a); Zipperer v. Raytheon Co., Inc., 493 F.3d 50, 53 (1st Cir. 2007).  A state law cause of action is "related to" an ERISA

plan, and therefore preempted, if it "provide[s] alternative enforcement mechanisms to ERISA's own enforcement scheme."  Id. ERISA provides a cause of action to ERISA plan participants and beneficiaries for statutory relief or to recover benefits due them under the terms of their plans.  29 U.S.C. § 1132(a)(1).

In this case, however, the plaintiffs did not qualify for participation in the plan chosen by Thibco.  As a result they are neither plan participants nor beneficiaries.  The plaintiffs are not challenging the CBF's eligibility decision, and they are not seeking benefits under the CBF pension or annuity plans.

Instead, the plaintiffs allege that Thibco and Thibodeau violated RSA 275:43 by failing to pay them wages, as promised, which should have included the contributions made to the CBF. They also allege that Thibco and Thibodeau breached their employment contracts by failing to include payments for pension and annuity benefits as part of their compensation.  As damages, the plaintiffs seek payment from the defendants of the amount of the contributions made to the CBF on their behalf and liquidated damages.

Because the plaintiffs are not ERISA plan beneficiaries or participants and are not seeking benefits from an ERISA plan, their claims that the defendants violated RSA 275:43 and breached their employment contracts are not invoking alternative

enforcement mechanisms under state law.  Therefore, their claims are not preempted by ERISA.  In the absence of ERISA preemption, subject matter jurisdiction is lacking in federal court.[2]

The plaintiffs ask that they be awarded their reasonable attorneys' fees and costs incurred as a result of removal. Despite their request, the plaintiffs failed to show either that the defendants lacked an objectively reasonable basis for removal or unusual circumstances that would justify an award of fees under 28 U.S.C. § 1447(c).  See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

---

[2] The party invoking federal jurisdiction bears the burden of showing that it exists. Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007).  The defendants asserted only federal question jurisdiction under § 1331 and have failed to show that it exists in the circumstances of this case.

<u>Conclusion</u>

For the foregoing reasons, the plaintiffs' motion to remand (document no. 10) is granted.  The case is remanded to Hillsborough County Superior Court, Northern District.  The clerk of court shall remand the state case and close the case that was entered here upon notice of removal.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

April 28, 2008

cc: David P. Eby, Esquire
    H. Jonathan Meyer, Esquire
    Vincent A. Wenners, Jr., Esquire